**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DAVID KLEIN,<br><br>Plaintiff,<br><br>v.<br><br>JELLY BELLY CANDY COMPANY,<br><br>Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Jelly Belly Candy Company ("Jelly Belly" or "Defendant"), pursuant to 28 U.S.C. § 1441, hereby files this Notice of Removal of the above-captioned matter from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Civil Action No. 2284CV02227.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff David Klein ("Plaintiff") and filed with the Clerk of the Superior Court of Massachusetts for the County of Suffolk, as an exhibit to a Notice to State Court of Removal to Federal Court. A copy of the Notice being filed in state court is attached (without exhibits) as Exhibit A.

## TIMELINESS OF REMOVAL

1.      On September 28, 2022, Plaintiff commenced this action by filing a Complaint against Jelly Belly in the Superior Court of Massachusetts, Suffolk County, captioned *Klein v. Jelly Belly Candy Co.*, Civil Action No. 2284CV02227.  The Complaint asserts claims against Jelly Belly for Defamation Per Se, Tortious Interference with an Advantageous Relationship, and Civil Conspiracy.  (Compl., ¶¶ 51-77).

2.      On October 5, 2022, Plaintiff sent a copy of the Complaint on Jelly Belly's registered agent but failed to effect service because Plaintiff failed to serve a summons with the Complaint.

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Jelly Belly in this action are attached to this Notice as <u>Exhibit B</u>.

4.      The Complaint is the initial pleading setting forth the claims for relief upon which this removal is based.  Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

5.      The Superior Court of Massachusetts, Suffolk County, is located within the District of Massachusetts.  28 U.S.C. § 101.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

6.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

7.      Pursuant to Loc. R. 81.1, within 28 days after filing this Notice of Removal, Jelly Belly shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

## ALLEGATIONS IN THE COMPLAINT

8.      Plaintiff alleges that he is the "true founder and inventor of the Jelly Belly jelly bean" and that Jelly Belly "has publish[ed] false and defamatory information about Plaintiff in an effort to rewrite the history and origin of the Jelly Belly jelly bean" and by "portray[ing] Plaintiff as a fake and not the true inventor and founder of the Jelly Belly jelly bean." (Compl., ¶¶ 19, 52-53).

9.      Plaintiff also alleges that Jelly Belly "conspired with press release companies and other third parties to further portray Plaintiff as not the true founder and inventor of the Jelly Belly jelly bean" and "has attempted to silence Plaintiff and prohibit him from making true statements and representing himself as the original . . . inventor and founder of the Jelly Belly jelly bean in any press release."  (Compl., ¶¶ 55-56).

10.     The Complaint attempts to state claims for defamation per se, tortious interference with an advantageous relationship, and civil conspiracy.  (Compl., ¶¶ 51-77).  The Complaint seeks, *inter alia*, compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.  (Compl., ¶¶ 78-85).

11.     Jelly Belly disputes Plaintiff's allegations, denies that the Complaint has merit, and denies that Plaintiff has been harmed in any way.

## BASIS FOR REMOVAL

12.     This is a civil action that may be removed to this Court by Jelly Belly under 28 U.S.C. § 1441(b) because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

### Diversity.

13.     Plaintiff is now, and was at the time this action was commenced, a citizen of the State of Florida within the meaning of 28 U.S.C. § 1332(a) because his place of residence and domicile is and was within the State of Florida.

14.     Jelly Belly is now, and was at the time this action was commenced, a corporation duly organized under the laws of the State of California, and its principal place of business is and was in the State of California. Jelly Belly is and was therefore a citizen of the State of California.

15.     Accordingly, Plaintiff's and Jelly Belly's citizenship are completely diverse.

### Amount in Controversy.

16.     While Jelly Belly denies liability as to Plaintiff's claims, or that Plaintiff has been damaged, Jelly Belly has a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff, exceeds Seventy-Five Thousand Dollars ($75,000).

17.     Plaintiff claims that, but for Jelly Belly's alleged actions, he "would have attained positive exposure which would have furthered his business interests" and "would have more likely than not, resulted in new revenue streams and business opportunities." (Compl., ¶¶ 64-65).

18.     Plaintiff further alleges that, "[a]s a further result [of Jelly Belly's alleged conduct], multiple business ventures and contracts were halted midway through negotiation due to the negative backlash Mr. Klein received, incurring a substantial loss of future profits." (Compl., ¶ 44).

19.     Indeed, Plaintiff alleges that one opportunity worth an expected $4 million was put on hold "due to lack of media support and negative public perception." (Compl., ¶ 44 n.7).

20.     Plaintiff also asserted in his Statement of Damages filed with the Complaint that he has suffered $1 million in "[d]ocumented lost wages and compensation to date" and $9 million in "other documented items of damages." (Dkt. No. 2, Civil Action Cover Sheet, Statement of Damages).

21.     Accordingly, Plaintiff's claims for relief put more than $75,000 in controversy in this action.

**No Joinder Necessary; Supplemental Jurisdiction.**

22.     No other defendants have been identified by Plaintiff and no other defendants are required to consent to removal.

23.     This Court also possesses supplemental subject matter jurisdiction over any and all other state law allegations in the Complaint. *See* 28 U.S.C. § 1367.

**RESERVATION OF RIGHTS AND DEFENSES**

24.     By filing this Notice of Removal, Jelly Belly does not waive any defenses that may be available to it and reserves all such defenses. Jelly Belly does not concede that this Court can

exercise personal jurisdiction over it or that venue in this District is proper.  Jelly Belly does not

concede that Plaintiff states any claim upon which relief can be granted, that Plaintiff's claims are

timely, or that Plaintiff is entitled to any relief of any nature.  Nonetheless, Plaintiff's claims, as

pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the

right of the defendant to remove."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

294 (1938).

     25.   If any challenges to the propriety of the removal of this action arise, Jelly Belly

respectfully requests the opportunity to present oral argument and/or additional evidence.

     WHEREFORE, Jelly Belly hereby removes this Action to this Court from Superior Court

of Massachusetts, Suffolk County.


Date:  October 25, 2022          Respectfully Submitted,

          JELLY BELLY CANDY COMPANY

          By its attorneys,

          */s/  David G. Thomas*
          David G. Thomas (BBO # 640854)
          Angela C. Bunnell (BBO # 690429)
          GREENBERG TRAURIG, LLP
          One International Place
          Suite 2000
          Boston, MA 02110
          (617) 310-6000
          (617) 310-6001 (fax)


          -and-

          Kurt Kappes (*pro hac vice* application forthcoming)
          GREENBERG TRAURIG, LLP

1201 K Street
Suite 1100
Sacramento, CA 95814
(916) 442-1111
(916) 448-1709 (fax)

-and-

Eric Wong (*pro hac vice* application forthcoming)
GREENBERG TRAURIG, LLP
500 Campus Drive
Suite 400
Florham Park, NJ 07932
(973) 360-7900
(973) 295-1259 (fax)

## **CERTIFICATE OF SERVICE**

I, David G. Thomas, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served on all those non-registered participants by mail.

*David G. Thomas*
David G. Thomas